IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 4:15CR3037 |
| Plaintiff, | |
| vs. | SUPERSEDING INDICTMENT<br>18 USC § 1347<br>18 USC § 1028A |
| SCOTT T. TRAN, | |
| Defendant. | |

The Grand Jury charges:

## INTRODUCTION

At all times material to this Indictment:

1. Section 24(b) of Title 18, United States Code, defined a "health care benefit program" as "any public or private plan or contract, affecting commerce, under which any medical benefit, item or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item or service for which payment may be made under the plan or contract." Health Care Benefit Programs (hereinafter "Programs") include Medicare, Medicaid, and private insurers.

2. The Medicaid program is a health care benefit program designed primarily for the indigent. In Nebraska, the Nebraska Medical Assistance Program (Nebraska Medicaid or the Medicaid Program) is funded with a combination of federal and state funds, with approximately 60% of the total financial burden of the program paid through the United States Department of Health & Human Services, and the remaining 40% by the State of Nebraska. Claims for Medicaid reimbursement are electronically sent to Nebraska Medicaid for review and reimbursement. After Nebraska Medicaid reviews the claims, reimbursement is made electronically.

3. In the Medicaid Program, a "provider" is defined as any individual or entity furnishing services under a provider agreement with the Medicaid Agency. For a provider to obtain reimbursement from the Medicaid Program for providing services to a Medicaid recipient, the provider fills out and submits a claim form. The provider includes on the claim form the provider's name, address and provider number, the recipient's name and Medicaid identification number, the date of service, a brief description of the charges, the provider's signature, and the date of billing. The provider then mails or electronically submits the claim form to the Nebraska Department of Health and Human Services Division of Medicaid and Long-Term Care (DHHS MLTC). DHHS MLTC relies on the information contained in the claim form to determine whether the charges for the services are covered by Medicaid and to determine the amount of reimbursement to which the provider is entitled. DHHS MLTC then mails reimbursement checks or transmits payments via electronic funds transfer to the provider.

4. Under the Medicaid Program, each claim that a provider submits is considered a separate claim under the provider's agreement. Medicaid assigns recipients or beneficiaries identification numbers. Each recipient of Medicaid assistance is assigned a unique identification number by the Medicaid Program. Medicaid covers outpatient drugs including legend drugs, compounded prescriptions, and over-the-counter (OTC) drugs.

5. SCOTT T. TRAN, hereafter the defendant, was a licensed pharmacist in the State of Nebraska and has been licensed since 1994. According to a Service Provider Agreement filed by the Defendant with Nebraska Medicaid, Pharmacy Specialty Services is a pharmacy, doing business as Pharmacy Specialty Services and Tran Pharmacy Inc. Pharmacy Specialty Services was located in Lincoln, Nebraska.

## COUNTS 1-12
## HEALTH CARE FRAUD

6. Paragraphs 1 through 5 of this Indictment are realleged and incorporated as if set forth fully herein.

7. From on or about May 18, 2009, and continuing until on or about March 31, 2015, in the District of Nebraska, defendant SCOTT T. TRAN, hereafter the Defendant, did knowingly and willfully devise and intend to devise, execute and attempt to execute, a scheme and artifice to defraud a health care benefit program, and to obtain, by means of materially false and fraudulent pretenses, representations, and omissions of material fact, money and property owned by, or under the control of a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

8. In furtherance of the scheme and artifice, the Defendant submitted and caused to be submitted to Nebraska Medicaid claims which the Defendant knew contained materially false and fraudulent pretenses and representations, and omissions of material fact, in that the claims presented to Nebraska Medicaid sought payment for providing a prescription drug, tobramycin solution for inhalation (TOBI), to certain Nebraska Medicaid recipients when the defendant then well knew TOBI had not been provided to those recipients. During the course of the scheme and artifice these claims totaled approximately $14,430,059.17.

9. On or about the dates set forth below in the "Date Claim Submitted" column, in the District of Nebraska, the Defendant knowingly executed and attempted to execute the scheme and artifice to defraud a health care benefit program in connection with the delivery of and payment for health care benefits, items and services, as set forth above, by submitting and causing to be submitted to Nebraska Medicaid, claims for payment which the defendant knew made materially false and fraudulent representations in that the claims represented TOBI had

3

been provided to the specified Medicaid recipients when the Defendant then well knew TOBI had not been provided to those recipients.

| Count | Date Claim Received | Recipient Initials | Amount claimed | Amount paid |
|---|---|---|---|---|
| 1 | 6/14/2010 | VK | $4,760 | $4,386.77 |
| 2 | 11/23/2010 | AK | $4,760 | $4,386.77 |
| 3 | 4/12/2011 | WK | $4,760 | $4,649.93 |
| 4 | 7/13/2011 | BL | $4,760 | $4,760.00 |
| 5 | 11/21/2011 | AL | $5,880 | $4,929.03 |
| 6 | 1/18/2012 | EB | $5,880 | $4,929.03 |
| 7 | 10/15/2012 | JT | $5,880 | $5,880.00 |
| 8 | 1/28/2013 | KA | $8,120 | $7,135.28 |
| 9 | 10/4/2013 | AV | $8,120 | $7,135.28 |
| 10 | 4/7/2014 | JE | $8,120 | $7,841.23 |
| 11 | 5/5/2014 | TV | $8,120 | $7,841.23 |
| 12 | 1/26/2015 | BAB | $8,120 | $7,841.23 |

All in violation of Title 18, United States Code, Sections 1347.

## COUNT 13

On or about October 15, 2012, in the District of Nebraska, the Defendant, SCOTT T. TRAN, did knowingly possess and use without lawful authority, a means of identification of another person, to wit: name, date of birth, and Medicaid ID number of a person whose initials are JT, during and in relation to the crime of health care fraud, Title 18, United States Code, Section 1347, as described in Count 7 of this Superseding Indictment.

In violation of Title 18, United States Code, Sections 1028(A).

## COUNT 14

On or about January 28, 2013, in the District of Nebraska, the Defendant, SCOTT T. TRAN, did knowingly possess and use without lawful authority, a means of identification of another person, to wit: name, date of birth, and Medicaid ID number of a person whose initials are KA, during and in relation to the crime of health care fraud, Title 18, United States Code, Section 1347, as described in Count 8 of this Superseding Indictment.

In violation of Title 18, United States Code, Sections 1028(A).

## COUNT 15

On or about January 26, 2015, in the District of Nebraska, the Defendant, SCOTT T. TRAN, did knowingly possess and use without lawful authority, a means of identification of another person, to wit: name, date of birth, and Medicaid ID number of a person whose initials are BAB, during and in relation to the crime of health care fraud, Title 18, United States Code, Section 1347, as described in Count 12 of this Superseding Indictment.

In violation of Title 18, United States Code, Sections 1028(A).

## COUNT 16

On or about January 23, 2012, in the District of Nebraska, the Defendant, SCOTT T. TRAN, did knowingly possess and use without lawful authority, a means of identification of another person, to wit: name, ~~Nebraska Professional License number,~~ [AE] and the National Provider Identification number of a person whose initials are PMN, during and in relation to the crime of health care fraud, Title 18, United States Code, Section 1347, as described in Counts 1 – 9 of this Superseding Indictment.

In violation of Title 18, United States Code, Sections 1028(A).

## COUNT 17

On or about January 1, 2015, in the District of Nebraska, the Defendant, SCOTT T. TRAN, did knowingly possess and use without lawful authority, a means of identification of another person, to wit: name, ~~Nebraska Professional License number~~ AE, and the National Provider Identification number of a person whose initials are SH, during and in relation to the crime of health care fraud, Title 18, United States Code, Section 1347, as described in Counts 1 – 9 of this Superseding Indictment.

In violation of Title 18, United States Code, Sections 1028(A).

## COUNT 18

On or about February 16, 2015, in the District of Nebraska, the Defendant, SCOTT T. TRAN, did knowingly possess and use without lawful authority, a means of identification of another person, to wit: name, ~~Nebraska Professional License number~~ AE, and the National Provider Identification number of a person whose initials are SB, during and in relation to the crime of health care fraud, Title 18, United States Code, Section 1347, as described in Counts 1 – 9 of this Superseding Indictment.

In violation of Title 18, United States Code, Sections 1028(A).

## FORFEITURE ALLEGATION

As a result of the offense set forth in Counts 1 - 12, the Defendant, SCOTT T. TRAN, shall forfeit to the United States property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, including but not limited to the following:

**Currency and Bank Accounts**

1. $448,860.37 restrained on April 1, 2015, from Wells Fargo Bank, Account No. 8302036762, in the name of Tran Pharmacy Inc., d/b/a Pharmacy Specialty Services;

2.  $341,217.60 restrained on April 1, 2015, from Wells Fargo Bank, Account No. 2274281779, in the name of Tran Pharmacy Inc.;

3.  $103,300.14 restrained on April 1, 2015, from U.S. Bank, Account No. 250881583307, in the name of Scott Tran;

4.  $57,887.07 restrained on April 1, 2015, from U.S. Bank, Account No. 150872081743, in the name of Scott Tran;

5.  $408,615.02 restrained on April 1, 2015, from First National Bank, Omaha, Account No. 20137556320, in the name of Scott and Judith Tran;

6.  $359,556.92 restrained on April 1, 2015, from First National Bank, Omaha, Account No. 61595758, in the name of Scott and Judith Tran;

7.  Approximately $29,841.99 restrained on April 1, 2015, from TD Ameritrade, Account No. 772-271083, in the name of Scott Tran, this is a ROTH IRA account and the balance will fluctuate;

8.  Approximately $32,853.88 balance in the account on April 1, 2015, from First National Bank, Omaha, Account No. 20268714020, in the name of Judy Tran and ZT (whose name is known to the grand jury).

9.  Approximately $79,143.96 balance in the account on April 1, 2015, from First National Bank, Omaha, Account No. 20219506920, in the name of Judy Tran and CT (whose name is known to the grand jury).

10. Approximately $113,160.43 balance in the account on April 9, 2015, from First National Bank, Omaha, Account No. 20205730120, in the name of Judy Tran and NT (whose name is known to the grand jury).

11. Real property, consisting of a house and lot at West Shores Lot 109, Block 0 Irreg, locally known as 604 S. 249th Circle, Waterloo, Douglas County, Nebraska.

12. A vehicle, to wit: a 2012 Infiniti, Model QX56, VIN JN8AZ2NE8C9016672

13. A boat, to wit: a 2013 Mastercraft, VIN MBC3UFU9C313

14. A boat trailer with VIN 19MSB2216D2F50032

**Money Judgment**

A sum of money equal to the total amount involved in the federal health care offense, including but not limited to $14,430,059.17.

**Substitute Assets**

If any of the property described above, as a result of any act or omission of the Defendant,

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred, sold to or deposited with a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value or

(5) has been commingled with other property which cannot be divided without difficulty,

> then the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

In violation of Title 18, United States Code, Section 982(a)(7).

A TRUE BILL

FOREPERSON

DEBORAH R. GILG
United States Attorney

The United States of America requests that trial of this case be held at Lincoln, Nebraska, pursuant to the rules of this Court.

ALAN L. EVERETT
Assistant United States Attorney